Chief Justice-Robertson
delivered the Opinion of the Court.
This is an action of'assumpsit, instituted in the name of David Lance, against James Cowan ; and in which,judgment, on facts agreed, was rendered for the defendant:
The facts, as-agreed, are these: — Lance robbed one Green of a thousand dollars, exchanged two hundred and fifty dollars thereof for that amount in notes of the Bank of the United States ; was apprehended, indicted and, convicted, and thereupon sent to the penitentiary for the felony. During the pendency of the prosecution, the two hundred and fifty dollars were deposited for safekeeping, with the defendant, Cowan, who was the prosecuting attorney. Lance tlrew an order on Cowan, and in favor of Hunt, for one hundred dollars, which, he protested,; and, after the conviction, Cowan restored to Green the two hundred and fifty dollars ; and thereupon, this suit was brought, (for the benefit of “ Hunt and Curd,”) to,recover the amount thus delivered by Cowan to Green.
The fact that the suit purports to be-for the benefit of Hunt and Curd, cannot help the nominal plaintiff; for, unless he could recover for his own benefit, he cannot obtain a judgment for others. Nor can the drawing of the order affect the merits of the case. Cowan ought not to have accepted it, and did not accept it; and therefore, he incurred no liability in consequence of it.
Upon the conviction, Green had a legal right to restitution. When the thief shall have converted the thing stolen into any other thing, “ the owner may have the pro *196 duce instead of the specific chattel.” 1 Chilly’s Grim. Law? 820; and restitution of stolen goods may be obtained, from even a bona fide purchaser from the felon — “ spolialus debet, ante omnia, resiitui. Chilly, supra, and 4 Blackstone’s Com. 363.
The right owner of stolen property may have restitution from a.bonajide chaser»-
The fourteenth section of a Kentucky statute-of 1805* declares that the court “ rendering judgment ” of conviction, shall not order restitution after “ the term at which the conviction was had.” But that statute does not afiect the owner’s right of recaption, or his right of action : such rights previously existed and still exist. See the authorities, supra.
Cowan vfcis the depositary of the Jaw. Green had a right to the deposite ; the robber had no right to it; and, as soon as the judgment of conviction was pronounced, Cowan had a perfect right, legal and moral, to restore the money to the true owner. Surely, the law did not impose on Cowan the duty of restoring the spoil to the thief, nor imply an assumpsit to do so. If it did, it would be obnoxious to the charge of rewarding felony ; and then it might be truly said that Lance, after being convicted for robbing Green, can also rob Cowan according, lo law.
In such a case there is no foundation whatever for an action of assumpsit. Lance had no right to the two hundred and fifty dollars, and cannot, therefore, recover any part of it from Cowan, who delivered it to the person who, alone, had any right to it, or to any part of it.
Judgment affirmed..